UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| PRICE, ET AL. | SECTION A(3) |

## ORDER AND REASONS

Defendants Terrioues Owney and Evans Lewis move the Court to compel discovery of presentence reports (Rec. Doc. 781). Specifically, Defendants move the Court to unseal the presentence reports (PSR) of the Government's cooperating witnesses so that the Court may examine the reports in camera and release any exculpatory and/or impeachment material regarding the witnesses.[1] In particular, Defendants request disclosure related to any intellectual disability, mental health condition and/or psychiatric diagnosis that is mentioned any of the PSRs. By way of example, Defendants point out that they know very little about Stewart's social history yet publicly available information demonstrates that he experienced significant trauma as a child and teenager. Therefore, information pertaining to his intellectual capacity and well-being is material to demonstrating the unreliability of this key witness's testimony.

The Government objects to the wholesale disclosure of the PSRs but did produce the reports to the Court for in camera inspection. The Government has no

---

[1] At issue are the PSRs of Gregory Stewart and Darryl Franklin from the 11-107 and 13-282 cases, and the PSRs of Washington McCaskill, Rico Jackson, and Tyrone Knockum from the current matter.

15-CR-154 *United States of America v. Price, et al.*
Motion to Compel Discovery of Presentence Reports (Rec. Doc. 781)
Page 1 of 3

objection to the Court releasing any portion of the PSRs that the Court determines to be *Brady* or *Giglio* material.

The law is clear in this circuit in that *Brady* and its progeny apply to presentence reports that are in the custody of the prosecution.[2] *See United States v. Wallace*, 32 F.3d 921, 929-30 (5th Cir. 1994); *United States v. Jackson*, 978 F.2d 903, 908-09 (5th Cir. 1992). The Court has reviewed the PSRs and is not persuaded that any portion of them constitutes *Brady* or *Giglio* material, including the mental health information, *at least at present*. Defense counsel are certainly free to question the Government's witnesses regarding their social histories and mental health histories and should any witness testify in a manner that contradicts the information in the PSR (which the Court will have before it while the witnesses testify) then the Court will have counsel approach the bench. Defendants are entitled to no more than this protection because they cannot use the sealed PSRs to "fish" for information.

The Court reminds the Government that its obligations under *Brady*/*Giglio* are ongoing and that the Government is not relieved of those obligations simply because the Court has reviewed the PSRs in camera. The Government will be in the best position to know if any of its witnesses testify about the crimes and acts at issue in this case in a manner inconsistent with the information provided to the Probation Office. If this occurs, the Government must immediately bring this to the Court's attention.

---

[2] A PSR is not a "statement" by a defendant but rather is a report that the probation officer makes for the district court. *Jackson*, 978 F.2d at 909. And a defendant's reticence in objecting to the PSR is not the same as actually "adopting" it. *Id.* Therefore, a PSR in its entirety is not considered a "statement" for Jencks Act purposes.

15-CR-154 *United States of America v. Price, et al.*
Motion to Compel Discovery of Presentence Reports (Rec. Doc. 781)
Page 2 of 3

Accordingly;

**IT IS ORDERED** that the **Motion to Compel Discovery of Presentence Reports (Rec. Doc. 781)** filed by defendants Terrioues Owney and Evans Lewis is **GRANTED** insofar as they requested to have the Court review the PSRs of the Government's cooperating witnesses in camera, and is **DENIED** in all other respects.

December 15, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

15-CR-154 *United States of America v. Price, et al.*
Motion to Compel Discovery of Presentence Reports (Rec. Doc. 781)
Page 3 of 3