UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| TERRIOUES OWNEY | SECTION A (3) |

## ORDER AND REASONS

On January 28, 2025, the Court entered an Order and Reasons (Rec. Doc. 1613) regarding the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1536)** filed by federal prisoner Terrioues Owney. The Court denied relief as to Owney's Ground Two and ordered the Government to respond to Owney's supplemented Ground One. The Court ordered the response because Owney filed a reply to the Government's opposition and attempted to provide additional support to flesh out his Ground One claims of ineffective assistance of counsel at trial.[1] (Rec. Doc. 1568, Reply). In his reply/supplement, Owney identified the specific witnesses that he believed that his trial counsel was ineffective for failing to call, namely Trinh Nguyen, Jamal Smith, and Kenesha Shantrell McRoyal, and he recited the testimony that he believes that they would have provided had they been called as witnesses. Further, Owney suggested that if video/audio evidence from the Georgetown Apartments had been obtained by his attorney then it could have shown that a passcode was not used to enter the complex, thereby undermining the cooperators' testimony that Owney provided the passcode.

---

[1] Owney was represented at trial by Gaynell Williams.

**I.**

Ground One is that Owney received ineffective assistance of counsel at trial because his trial counsel failed to call witnesses and subpoena evidence that would have affected the jury's verdict.

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Rice v. United States*, No. 09CR107, 2015 WL 4911667, at *3 (E.D. Tex. Aug. 17, 2015). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* (citing *Strickland*, 466 U.S. at 687). Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* (citing *Strickland*, 466 U.S. at 688). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* (citing *Strickland*, 466 U.S. at 690).

Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

An ineffective assistance of counsel claim fails if the petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if the petitioner makes an insufficient showing as to either. *Rice*, 2015 WL 4911667, at 3 (citing *Strickland*, 466 U.S. at 697). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Id.* (citing *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001)); *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006) (citing *Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir. 2004)).

**II.**

As to his Ground One claim, Owney must establish a reasonable probability of a different trial outcome based on the witnesses, testimony, and evidence that he maintains that his trial counsel should have obtained and presented. Owney contends that his attorney should have called Trinh Nguyen, Jamal Smith, and Kenesha Shantrell McRoyal, to testify at trial, and that his attorney should have obtained video/audio evidence from the Georgetown Apartments to show that a passcode was not used to enter the complex, thereby undermining the cooperators' testimony that Owney provided the passcode.

As the Government points out, Kenesha McRoyal and Jamal Smith *did* testify at trial and their testimony was not inconsistent with what Owney believed they would say if called. Therefore, trial counsel could not have rendered deficient performance for failing to call these two witnesses because they did appear at trial and they were subject to vigorous cross examination by Owney's attorney. Likewise, under the circumstances Owney cannot establish prejudice. Smith did not identify Owney as the shooter of

himself and Lester Green so it is unclear what more trial counsel could have done to benefit Owney during her cross-examination of Smith.

McRoyal testified at trial but she did not identify Owney as the shooter and denied that she had seen Owney at the apartment complex at the time of the shooting. McRoyal's testimony was not inconsistent with what Owney believed it would be if she was called to testify (which she was). It is unclear what more trial counsel could have done to benefit Owney during her cross-examination of McRoyal. Owney has established neither deficient performance nor prejudice with respect to McRoyal.

Trinh Nguyen did not testify at trial. The Government correctly points out that Owney has not established that this individual was actually available to testify at trial and would have done so. Furthermore, as noted by the Government in its response, even though Nguyen was not called to testify at trial, the jury was made aware of Nguyen's statements regarding the shooter during the cross-examination of Detective Michael Cochran, who acknowledged that he did not develop any information that Owney was the shooter. If Nguyen had been called to testify, his testimony would have been cumulative in light of the other evidence that was presented at trial. Again, the jury was made aware of Nguyen's statements through Detective Cochran's testimony and Owney has failed to demonstrate how calling Nguyen live at trial (assuming his availability and willingness to testify and further assuming that his testimony would not have taken an unpredictable turn toward being prejudicial to Owney) would have resulted in a different outcome at trial.

Finally, Owney's contention that his counsel was ineffective for failing to obtain video/audio evidence from the Georgetown Apartments is grounded on sheer

speculation. Assuming that such video evidence ever existed, and assuming that it *continued to exist* after Owney was charged and his trial counsel began to prepare Owney's defense (the murder/assault occurred in 2010 and Owney was charged in 2015), Owney's contention that a video recording would have undermined the cooperators' testimony that Owney provided the passcode is an assumption or theory not supported by any evidence.

The Court is persuaded that Owney has not demonstrated ineffective assistance of trial counsel in support of his Ground One claim and therefore is entitled to no relief on Ground One.

Accordingly, for the foregoing reasons, and for the reasons previously provided in the Court's Order and Reasons as to Owney's Ground Two claim, entered on January 28, 2025 (Rec. Doc. 1613);

**IT IS ORDERED** that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1536)** filed by federal prisoner Terrioues Owney is **DENIED**.

March 12, 2025

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE